# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED
March 22, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MARTHA D. NEELY,**
**Claimant Below, Petitioner**

**vs.)  No. 15-0478**  (BOR Appeal No. 2049661)
(Claim No. 2013022944)

**WEST VIRGINIA UNITED HEALTH SYSTEM,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Martha D. Neely, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated April 28, 2015, in which the Board affirmed a July 15, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 26, 2013, decision closing Ms. Neely's claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Neely was injured on February 25, 2013, while transporting a very large patient. On March 7, 2013, Ms. Neely's claim for workers' compensation benefits was held compensable for cervical, thoracic, and lumbar sprains. A cervical disc protrusion was later added as a compensable component of the claim. Temporary total disability benefits were retroactively granted, with an onset date of February 27, 2013. On November 26, 2013, the claims administrator closed Ms. Neely's claim for temporary total disability benefits based upon its determination that she has not introduced any evidence demonstrating that she remains unable to work as a result of the February 25, 2013, injury.

1

In its Order affirming the November 26, 2013, claims administrator's decision, the Office of Judges held that a preponderance of the evidence does not support a finding that Ms. Neely remains temporarily totally disabled. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated April 28, 2015. On appeal, Ms. Neely asserts that she is entitled to ongoing temporary total disability benefits because she is continuing to receive medical treatment.

West Virginia Code § 23-4-7a (2005) states that temporary total disability benefits are not payable after a claimant has reached maximum medical improvement, is released to return to work, or actually returns to work, whichever occurs first. Nine days after the claims administrator closed Ms. Neely's claim for temporary total disability benefits, Bruce Guberman, M.D., performed an independent medical evaluation and determined that Ms. Neely had already reached maximum medical improvement. Therefore, pursuant to the provisions of West Virginia Code § 23-4-7a, Ms. Neely is no longer eligible to receive temporary total disability benefits because she has reached maximum medical improvement. Ms. Neely alleges that she is entitled to ongoing temporary total disability benefits because she is continuing to receive medical treatment. However, the statutory provisions governing temporary total disability benefits do not provide for the receipt of temporary total disability benefits simply because a claimant is continuing to receive medical treatment. Finally, this Court notes that on appeal, Ms. Neely has not provided any medical evidence demonstrating that she is unable to return to work as a result of her compensable injury. The only medical evidence provided by Ms. Neely consists of cervical, thoracic, and lumbar spine MRI reports revealing disc herniations. Although the claim was held compensable for a cervical disc herniation, the MRI report in no way demonstrates that Ms. Neely is unable to return to work, and Ms. Neely's requests to add thoracic and lumbar disc protrusions as compensable components of her claim were rejected by this Court in *Martha Neely v. West Virginia United Health System,* No. 14-0838 (May 7, 2015)(memorandum decision).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 22, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II